**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WILMER ALEXANDER MERAZ-GUEVARA (A No. 220-788-561),<br><br>Petitioner,<br><br>v.<br><br>CHESTNUT, et al.,<br><br>Respondents. | Case No. 1:26-cv-05596-JLT-EGC<br><br>ORDER WITHDRAWING REFERENCE TO THE ASSIGNED MAGISTRATE JUDGE; GRANTING PETITION FOR WRIT OF HABEAS CORPUS; AND ORDERING PETITIONER'S IMMEDIATE RELEASE<br><br>(Doc. 1) |

Wilmer Alexander Meraz-Guevara is a federal immigration detainee proceeding with a pending habeas petition pursuant to 28 U.S.C. § 2241. (Doc. 1.) This matter was initially referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. In the interest of justice and to promote judicial efficiency, the undersigned hereby withdraws that reference, and for the reasons set forth below, **GRANTS** the petition for writ of habeas corpus.

## I.    FACTUAL & PROCEDURAL BACKGROUND

Petitioner is a citizen of Honduras who first entered the United States in October 2021, as an unaccompanied minor. (Doc. 1 at 2.) At that time, Petitioner was encountered by Customs and Border Protection. (*Id.*; Doc. 14 at 2.) The Department of Homeland Security issued a Notice to Appear charging Petitioner as removable under Section 212(a)(6)(A)(i) of the Immigration and Nationality Act. (Doc. 1-1 at 2; Doc. 14 at 3.) After being transported to the Rio Grande Valley

Processing Center in Texas, DHS eventually released him into custody of the Department of Health and Human Services (HHS) Office of Refugee Resettlement (ORR). (Doc. 1 at 2.) On November 14, 2021, the HHS ORR then released him to sponsor on an order of recognizance pursuant to the William Wilberforce Trafficking Victims Protection Reauthorization Act (TVPRA) of 2008. (*Id*.; Doc. 1-2 at 2.)

Following his release, and for the next four and half years, Petitioner lived at liberty in the United States. (Doc. 1 at 2.) During that time, Petitioner claims to have complied with all conditions imposed by immigration authorities, established community ties, worked, and lived without any allegations that he posed a danger to the community or flight risk. (*Id*. at 5.) At some point, Petitioner applied for asylum and withholding of removal, which is pending. (*See* Doc. 14 at 2.) According to the I-213 submitted by the government, Petitioner has no previous criminal history. (*Id*. at 3.) Furthermore, Petitioner is not subject to a final order of removal.[1]

On May 31, 2026, local police in Florida encountered the Petitioner at the scene of a traffic accident. (Doc. 14 at 2.) Local police found that Petitioner was the "at fault driver," but the I-213 omits any detail regarding the traffic accident. (*Id*.) There is also no indication in the record that this traffic accident resulted in criminal arrest or charges. (*Id*.) Respondents do not rely on the traffic accident as the basis for re-detention. (*See* Doc. 11.) Even still, local police contacted Immigration Customs and Enforcement after learning that Petitioner was present in the United States unlawfully. (Doc. 14 at 2.) Petitioner was then held at Indian River County Jail in Florida until he was picked up by ICE on June 2, 2026. (*Id*.) ICE later transferred Petitioner to the California City Detention Facility, where he remains. (Doc. 1 at 2.)

On July 20, 2026, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, arguing that his continued detention violates the Due Process Clause of the Fifth Amendment. (Doc. 1 at 9–12.) On August 6, 2026, Respondents filed a response to the habeas petition, arguing that Petitioner's detention is "mandatory" under expedited removal procedures set forth at 8 U.S.C. § 1225(b)(2)(A). (Doc. 11 at 1.) On August 6, 2026, Petitioner filed a reply.

---

[1]  Upon entering Petitioner's A-Number into EOIR's website, the Automated Case Information indicates that Petitioner's case is pending with no final order of removal in place. EOIR, Automated Case Information, https://acis.eoir.justice.gov/en/caseinformation (last visited August 13, 2026).

(Doc. 12.)

## II.      LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## III.      DISCUSSION

Petitioner claims that his ongoing detention without notice and a pre-deprivation hearing before a neutral decisionmaker violated his rights under the Due Process Clause of the Fifth Amendment. (*See* Doc. 1.) Respondents argue that as an "applicant for admission" under expedited removal procedures set forth at 8 U.S.C. § 1225(b)(2)(A), Petitioner's detention is "mandatory." (*See* Doc. 11.) Respondents offer little to rebut Petitioner's due process claim and make no effort to distinguish this current case from the numerous cases finding this legal position to be incorrect and the detention unlawful.[2] *See Rodriguez Vazquez v. Bostock*, 2026 WL 2196424 (9th Cir. July 30, 2026); *J.S.H.M. v. Wofford*, No. 1:25-CV-01309-JLT-SKO (HC) (E.D. Cal. Oct. 16, 2025); *Ortiz Donis v. Chestnut,* No. 1:25-CV-01228-JLT-SAB (HC), 2025 WL 32879514 (E.D. Cal. Oct. 9, 2025); *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT (HC), 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025); *Espinoza v. Kaiser*, No. 1:25-CV-01101 JLT SKO, 2025 WL 2581185 (E.D. Cal. Sept. 5, 2025); *Aguilera v. Albarran*, No. 1:25-CV-01619 JLT SAB, 2025 WL 3485016 (E.D. Cal. Dec. 4, 2025); *Garcia v. Chestnut*, No. 1:25-CV-01907-JLT-CDB, 2025 WL 3771348 (E.D. Cal. Dec. 31, 2025); *Carlos v. Chestnut*, No. 1:26-CV-00007-JLT-SKO (HC),

---

[2]  A noncitizen minor who is encountered at the border and released by ORR to a sponsor pursuant to the TVPRA is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) but is instead detained under § 1226(a). *See Quinteros Cornejo v. Andrews*, *et al.*, 823 F. Supp. 3d 1085, 1094–97 (E.D. Cal. 2026). Here, Petitioner was similarly encountered as a minor upon entry into the United States and released to a sponsor under the TVPRA. (Doc. 1-2 at 2.) As such, the Court adopts its reasoning in *Quinteros Cornejo* to the present case and finds that Petitioner is not subject to mandatory detention under § 1225(b)(2).

2026 WL 145889 (E.D. Cal. Jan. 20, 2026). Moreover, for the reasons articulated in those cases, the Court concludes that Petitioner's re-detention without a pre-deprivation hearing violated the Due Process Clause of the Fifth Amendment.

### IV.    CONCLUSION AND ORDER

1.    The petition for writ of habeas corpus (Doc. 1) is **GRANTED**. Petitioner **SHALL** be **RELEASED IMMEDIATELY**.

2.    Respondents are **ENJOINED** and **RESTRAINED** from re-detaining Petitioner unless the government provides notice to Petitioner a minimum of seven days in advance and holds a bond hearing before a neutral arbiter pursuant to section 1226(a) and applicable regulations, at which Petitioner's eligibility for bond must be considered, and where the government must demonstrate by clear and convincing evidence that Petitioner is a flight risk or danger to the community, such that physical custody is legally justified[3];

3.    The Clerk of Court is directed to serve the California City Detention Facility in California City, California, with a copy of this Order.

4.    The Clerk of Court is directed to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

Dated:  August 13, 2026

_____
UNITED STATES DISTRICT JUDGE

---

[3]  If legally sufficient circumstances justify arrest without notice in advance, a post-deprivation hearing consistent with the requirements set forth here **SHALL** be provided within seven days of the arrest. Alternatively, if Petitioner becomes subject to a final order of removal and Petitioner receives notice of such order, Respondents may detain Petitioner for the sole and limited purpose of executing removal. In this event, Respondent's **SHALL** provide a bond hearing in the timeframe required by law.